1

2

3

4

5

6                     **UNITED STATES DISTRICT COURT**

7                             **DISTRICT OF NEVADA**

8

9    RODERICK R. DAVIDSON,

10            Petitioner,                        Case No. 2:14-cv-00551-APG-NJK

11   vs.                                         **ORDER**

12   DWIGHT NEVEN, et al.,

13            Respondents.

14

15           Before the court are the first amended petition for writ of habeas corpus (ECF No. 9),

16   respondents' motion to dismiss (ECF No. 20), petitioner's opposition (ECF No. 28), and

17   respondents' reply (ECF No. 33).  The court finds that petitioner has not exhausted one ground for

18   relief, and the court grants respondents' motion in part.

19           After a jury trial, petitioner was convicted in state district court of two counts of burglary,

20   two counts of battery with substantial bodily harm, one count of robbery of a victim 60 years of age

21   or older, and one count of robbery without any aggravating element.  Ex. 38 (ECF No. 11-11).

22   Petitioner appealed.  The Nevada Supreme Court affirmed in part and reversed in part, because one

23   of the counts of robbery was a double-jeopardy violation and because one of the counts of battery

24   actually was a misdemeanor.  Ex. 44 (ECF No. 12-3).  Petitioner petitioned for rehearing.  Ex. 45

25   (ECF No. 12-4).  The Nevada Supreme Court denied that petition.  Ex. 46 (ECF No. 12-5).  On

26   December 23, 2008, the state district court entered an amended judgment of conviction in

27   accordance with the Nevada Supreme Court's decision.  Ex. 47 (ECF No. 12-6).  Petitioner

28   petitioned the Nevada Supreme Court for en banc reconsideration.  Ex. 48 (ECF No. 12-7).  The

1   Nevada Supreme Court issued its remittitur on January 13, 2009.  Ex. 49 (ECF No. 12-8).  The

2   Nevada Supreme Court denied the petition for en banc reconsideration on January 20, 2009.  Ex. 50

3   (ECF No. 12-9).

4        Petitioner then filed a post-conviction habeas corpus petition on October 16, 2009.  Ex. 51

5   (ECF No. 12-10).  The state district court denied the petition.  Ex. 57 (ECF No. 12-16).  Petitioner

6   appealed, and the Nevada Supreme Court affirmed.  Ex. 62 (ECF No. 13-1).  Remittitur issued on

7   January 7, 2013.  Ex. 63 (ECF No. 13-2).

8        Petitioner then filed two other motions in state district court.  First, he filed a motion for

9   modification of sentence on April 15, 2013.  Ex. 64 (ECF No. 13-3).  The state district court denied

10  that motion on May 22, 2013.  Ex. 68 (ECF No. 13-7).  Petitioner did not appeal the denial of that

11  motion.  However, on June 10, 2013, while the time to appeal still was running, petitioner filed a

12  motion to correct an illegal sentence.  Ex. 69 (ECF No. 13-8).  The state district court denied the

13  motion.  Ex. 72 (ECF No. 13-11).  Petitioner appealed, and the Nevada Supreme Court affirmed.

14  Ex. 73 (ECF No. 13-12).  Remittitur issued on February 11, 2014.  Ex. 74 (ECF No. 13-13).

15       Petitioner effectively commenced this action by mailing his proper-person petition to this

16  court on March 21, 2014.  The court appointed counsel, who filed the first amended petition (ECF

17  No. 9).

18       Respondents first argue that the petition is untimely.

19  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
    person in custody pursuant to the judgment of a State court. The limitation period shall run
20  from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the
21  expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in
22  violation of the Constitution or laws of the United States is removed, if the applicant was
    prevented from filing by such State action;
23  (C) the date on which the constitutional right asserted was initially recognized by the
    Supreme Court, if the right has been newly recognized by the Supreme Court and made
24  retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been
25  discovered through the exercise of due diligence.

26  28 U.S.C. § 2244(d)(1).  If the judgment is appealed, then it becomes final when the Supreme Court

27  of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

28  certiorari expires.  Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009).  See also Sup. Ct. R.

13(1).  If the judgment is not appealed, then it becomes final thirty days after entry, when the time

to appeal to the Nevada Supreme Court has expired.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653-

54 (2012).  See also Nev. R. App. P. 4(b), 26(a).  Any time spent pursuing a properly filed

application for state post-conviction review or other collateral review does not count toward this

one-year limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the

post-conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419

F.3d 1013, 1015 n.2 (9th Cir. 2005).

Respondents' argument for untimeliness has two components.  First, the judgment of

conviction became final, and the one-year period began to run, after the time to appeal the amended

judgment of conviction expired.  The amended judgment was entered on December 23, 2008, and

the time to appeal expired on January 22, 2009.  Second, the motion to modify sentence and the

motion to correct an illegal sentence were not properly filed petitions for collateral review, and thus

they did not qualify for tolling under 28 U.S.C. § 2244(d)(2).  The court disagrees with

respondents' second component and finds that those motions did qualify for tolling.  That tolling

alone is enough to make the action timely.  The court will not address respondents' first component.

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, . . . or on all filers generally . . . .  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8–9 (2000) (citations and footnote omitted, emphasis in original).

In denying the motion to modify the sentence, the state district court ruled:

> AS TO Defendant's Pro Per Motion for Modification of Sentence:  Court advised once Defendant is sentenced, this court no longer has jurisdiction unless there is a material fact of injustice.  Defendant points to some statements in the Pre-sentence report that happened in Texas, however, as there is no way to verify any of the information, this Court did not rely on it.  Therefore, COURT ORDERED, Motion DENIED.

Ex. 68, at 2 (ECF No. 13-7, at 3).  In Nevada, a "district court has inherent authority to correct,

vacate or modify a sentence that is based on a materially untrue assumption or mistake of fact that

-3-

1   has worked to the extreme detriment of the defendant, but only if the mistaken sentence 'is the

2   result of the sentencing judge's misapprehension of a <u>defendant's criminal record</u>.'" <u>Edwards v.</u>

3   <u>State</u>, 112 Nev. 704, 707, 918 P.2d 321, 324 (Nev. 1996) (emphasis in original).  The state district

4   court's use of the term "jurisdiction" in denying the sentence-modification motion did not mean that

5   it lacked the ability even to consider the motion, just that it had no power to modify the sentence

6   because petitioner had not demonstrated any merit to his contentions.  This court is satisfied that the

7   sentence-modification motion was a properly filed motion for collateral review that qualified for

8   tolling under 28 U.S.C. § 2244(d)(2).

9        The court of appeals already has determined that a motion to correct an illegal sentence

10  qualifies for tolling under 28 U.S.C. § 2244(d)(2).  <u>Tillema v. Long</u>, 253 F.3d 494 (9th Cir. 2001),

11  <u>abrogated on other grounds</u>, <u>Ford v. Pliler</u>, 590 F.3d 782 (9th Cir. 2009).

12       This action is timely even if the court used the amended judgment of conviction as the event

13  that commenced the period of limitation.  The amended judgment of conviction was entered on

14  December 23, 2008.  Ex. 47 (ECF No. 12-6).  The time to appeal expired on January 22, 2009.  Two

15  hundred sixty-seven (267) days later, on October 16, 2009, petitioner filed his state post-conviction

16  habeas corpus petition.  Ex. 51 (ECF No. 12-10).  The one-year period was tolled until the Nevada

17  Supreme Court issued its remittitur on January 7, 2013.  Ex. 63 (ECF No. 13-2).  Ninety-eight (98)

18  days later, on April 15, 2013, petitioner filed his motion for modification of the sentence.  Ex. 64

19  (ECF No. 13-3).  That filing started tolling the federal one-year period.  On June 10, 2013,

20  petitioner filed his motion to correct an illegal sentence, while the time to appeal the denial of the

21  sentence-modification motion still was running.  Ex. 69 (ECF No. 13-8).  The Nevada Supreme

22  Court issued its remittitur on February 11, 2014.  Ex. 74 (ECF No. 13-13).  The one-year period

23  then resumed.  Thirty-eight (38) days later, on March 21, 2014, petitioner mailed his proper-person

24  to this court.  A total of three hundred five (305) non-tolled days had passed.  This action is timely.[1]

25

26  ───────────────

27       [1]Even if the court were to hold that petitioner had no right to appeal, and thus no time to
     appeal, from entry of the amended judgment of conviction because he was not an aggrieved party,
     three hundred thirty-five (335) non-tolled days would have passed, and this action still would be
28  timely.

-4-

1    Respondents next argue that grounds 5 and 6 are not exhausted.  Before a federal court may

2  consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in

3  state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present

4  that ground to the state's highest court, describing the operative facts and legal theory, and give that

5  court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365

6  (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

7    "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state

8  remedies only if he characterized the claims he raised in state proceedings specifically as federal

9  claims.  In short, the petitioner must have either referenced specific provisions of the federal

10  constitution or statutes or cited to federal case law."  Lyons v. Crawford, 232 F.3d 666, 670 (9th

11  Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law

12  that applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153,

13  1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is

14  insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles,

15  such as due process, equal protection, and the right to a fair trial, are insufficient to establish

16  exhaustion."  Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

17    Respondents argue that ground 5 is not exhausted because, although he presented the facts

18  of the claim, he mentioned only the phrase "due process."  Compare amended petition, ECF No. 9

19  at 22-23, with Ex. 40, at 30.  Ground 5 is a claim that the trial court violated the Due Process Clause

20  of the Fourteenth Amendment because it refused to sever the trial on two different incidents.  Issue

21  VII was the corresponding claim on direct appeal.  Petitioner ended with this:

22

23    The error in failing to grant a severance was compounded by the court's failure to give a
      jury limiting instruction directing the jury to consider each charge separately.  See Weber v.
24    State, 121 Nev. Adv. Op. No. 57, at 35, 119 P.3d 107 (2005) (where the court gave a
      limiting jury instruction which said, "Each charge and the evidence pertaining to it should
25    be considered separately.  The fact that you may find a defendant guilty or not guilty as to
      one of the offenses charged should not control your verdict as to any other . . . offense
26    charged").

27

28

-5-

1   Ex. 40, at 30 (ECF No. 11-13, at 43).  The relevant part of <u>Weber</u> in turn cited <u>Tabish v. State</u>, 72

2   P.3d 584 (Nev. 2003):

> 3   This court has recognized the view of the United States Court of Appeals for the Ninth
>     Circuit that joinder may be so prejudicial "'that the trial judge [is] compelled to exercise his
> 4   discretion to sever.'"  Prejudice created by the district court's failure to sever the charges is
>     more likely to warrant reversal in a close case because it may "prevent the jury from making
> 5   a reliable judgment about guilt or innocence."  In our view, the Binion charges presented the
>     jury with a close case, and the joinder of the Casey counts rendered the trial of the Binion
> 6   counts fundamentally unfair.

7   <u>Id.</u> at 591-92 (footnotes omitted).  <u>Tabish</u> was relying upon <u>Bean v. Calderon</u>, 163 F.3d 1073 (9th

8   Cir. 1998), for a federal constitutional analysis of joinder and severance of counts.  Petitioner has

9   presented the federal constitutional issue in ground 5 to the Nevada Supreme Court, and it is

10  exhausted.

11          Ground 6 is a claim of cumulative trial-court error.  Respondents first argue that ground 6 is

12  unexhausted in part to the extent that it incorporates ground 5.  This argument is without merit

13  because the court has ruled that ground 5 is exhausted.  Respondents next argue that ground 6 is

14  unexhausted in full because petitioner presented it to the Nevada Supreme Court only as a matter of

15  state law.  This argument has merit.

16          The corresponding issue on direct appeal was issue IX.  Petitioner did not mention any

17  constitutional principle, but he did cite to <u>DeChant v. State</u>, 10 P.3d 108 (Nev. 2000).  Ex. 40, at 36

18  (ECF No. 11-13, at 49).  <u>DeChant</u> noted, "We have stated that if the cumulative effect of errors

19  committed at trial denies the appellant his right to a fair trial, this court will reverse the conviction."

20  10 P.3d at 113.  Mere mention of a "right to a fair trial" does not make it a federal constitutional

21  issue.  <u>Hiivala</u>, 195 F.3d at 1106.  Petitioner argues that two cases subsequent to <u>DeChant</u>, <u>Rose v.</u>

22  <u>State</u>, 163 P.3d 408, 419 (Nev. 2007), and <u>Hernandez v. State</u>, 50 P.3d 1100, 1115 (Nev. 2002),

23  make it clear that the Nevada Supreme Court analyzes a cumulative-error claim the same way that a

24  federal court analyzes a cumulative-error claim.  Opposition, at 21 (ECF No. 27).  The court is not

25  persuaded.  First, neither <u>Rose</u> nor <u>Hernandez</u> mention the federal constitution.  Second, the cases

26  that petitioner cites in support of an argument that the exhaustion requirement is satisfied if the

27  federal and state standards are identical, <u>Howell v. Mississippi</u>, 543 U.S. 440, 444-45 (2005), and

28  <u>Fields v. Waddington</u>, 401 F.3d 1018, 1022-23 (9th Cir. 2005), do not actually hold that.  Instead,

1  the courts in those cases noted that even if such a rule existed, in <u>Howell</u>, that the standards were

2  not identical, and, in <u>Fields</u>, that the petitioner had not demonstrated identity.  In each case, the

3  court actually ruled that the petitioner had not exhausted a particular claim because he did not

4  mention in the state court that he was presenting the claim as a matter of federal law.  <u>Howell</u>, 543

5  U.S. at 443-44; <u>Fields</u>, 401 F.3d at 1022.  Ground 6 is not exhausted.

6          The first amended petition (ECF No. 9) is mixed, containing both claims exhausted in state

7  court and claims not exhausted in state court, and it is subject to dismissal.  <u>See</u> <u>Rose v. Lundy</u>, 455

8  U.S. 509, 521-22 (1982); <u>Szeto v. Rushen</u>, 709 F.2d 1340, 1341 (9th Cir. 1983).

9          IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 20) is

10 **GRANTED** in part.  Ground 6 is unexhausted.

11         IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of

12 entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial

13 dismissal of ground 6, or for other appropriate relief.  Within ten (10) days of filing such motion,

14 petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that

15 he has conferred with his counsel in this matter regarding his options, that he has read the motion,

16 and that he has authorized that the relief sought therein be requested.  Failure to comply with this

17 order will result in the dismissal of this action.

18         DATED:   August 9, 2016.

19

20                                                              _____

21                                                              ANDREW P. GORDON
                                                                 United States District Judge

22

23

24

25

26

27

28